ALLYN & FORTUNA, LLP
Nicholas Fortuna (NF 9191)
Attorneys for Defendant
*563-569 CAULDWELL REALTY LLC, f/k/a 381 E. 160 EQUITIES LLC and M&P REALTY MANAGEMENT LLC*
200 Madison Avenue, 5th floor
New York, New York, 10016-3903
Ph: (212) 213-8844
Fax: (212) 213-3318

**Honorable Robert W. Sweet, Untied States District Court Judge**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X  JURY TRIAL DEMANDED

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY

          Plaintiff,

-against-

563-569 CAULDWELL REALTY LLC, f/k/a 381 E. 160 EQUITIES, LLC, M&P REALTY MANAGEMENT LLC and OMAR PANIAGUA,

          Defendants.
-----------------------------------------------------------------X

Docket No.: 08 CV 2936

COUNTERCLAIMS

**PLEASE TAKE NOTICE** that defendants 563-569 CAULDWELL REALTY LLC, f/k/a 381 E. 160 EQUITIES, LLC and M&P REALTY MANAGEMENT (hereinafter "Cauldwell" and "M&P"), by its attorneys Allyn & Fortuna LLP, hereby alleges the below counterclaims to plaintiff's UNITED NATIONAL SPECIALTY INSURANCE COMPANY (hereinafter "United") Complaint as follows:

## STATEMENT OF FACTS

1. On May 16, 2007, defendant Cauldwell owned the property at 563 Cauldwell Avenue, Bronx County (the "Premises").

2. United issued a general liability policy of insurance to defendants Cauldwell

and M&P, policy number No. L7197722, for the period of April 1, 2006, to April 1, 2007 (the "United Policy").

3. The defendant Cauldwell is a named insured under the United National Policy.

4. The United Policy provides that United will indemnify Cauldwell for those sums that Cauldwell becomes legally obligated to pay because of bodily injury.

5. The United Policy provides that United will defend Cauldwell in any suit seeking damages as a result of bodily injury.

6. Upon information and belief, on or about May 16, 2007, Omar Paniagua commenced suit against 381 E. 160 Equities, LLC and 563 Cauldwell Associates, LLC in the Supreme Court of the State of New York, County of Bronx, entitled *Omar Paniagua, v. 381 E. 160 Equities, LLC and 563 Cauldwell Associates, LLC*, Index Number 15240/07 (the "Underlying Suit").

7. That the defendants Cauldwell and M&P first received notice of the occurrence upon commencement of the underlying action mentioned in paragraph 6, supra.

8. Upon information and belief, on or about October 5, 2007, Omar Paniagua amended his complaint in the Underlying Suit, so as to add 563-569 Cauldwell Realty, LLC as a defendant.

9. In the Underlying Suit, Omar Paniagua, alleges that on October 19, 2006, he sustained personal injuries while hanging a curtain at the Premises, due to 381 E. 160 Equities, LLC and 563-569 Cauldwell Associates, LLC's, alleged negligence.

10. The defendants Cauldwell and M&P had no knowledge or notice of the

occurrence described in the underlying action prior to the commencement of a lawsuit by the plaintiff in the underlying action Omar Paniagua

## UNITED NATIONAL'S DENIAL OF INSURANCE COVERAGE.

11. Prior to Omar Paniagua's amendment of the pleadings in the Underlying Suit, 563-569 Cauldwell tendered coverage to United National on or around June 1, 2007 through its insurance broker GNP Insurance Brokerage, located at 5314 18th Avenue, Brooklyn, New York, 11204.

12. On June 25, 2007, United sent a correspondence to M&P disclaiming coverage on the grounds of late notice and on the grounds of the worker's compensation exclusion within the policy.

13. On or around September 5, 2007, United agreed to provide coverage to 381 E. 160 Equities LLC in the Underlying Suit, including both a defense and indemnity.

14. By letter dated October 8, 2007, Cauldwell informed United that Omar Paniagua had amended its pleadings and added 563-569 Cauldwell Realty LLC as a defendant in the Underlying Suit. That letter also advised United of the amendment to 563-569 Cauldwell's articles of organization whereby its name was changed from "381 E. 160 Equities LLC" to "563-569 Cauldwell Realty LLC." That letter enclosed a copy of the amendment to the articles of organization. That letter requested that United provide coverage to 563-569 Cauldwell Realty LLC.

15. By letter dated October 29, 2007, United denied and disclaimed coverage to Cauldwell on the basis that Cauldwell was purportedly not a named insured on the United National Policy.

16. United did not deny or disclaim coverage on any other grounds.

17. On February 4, 2008, United agreed to defend and indemnify 563-569 Cauldwell Realty LLC subject to a reservation of rights. This agreement was pursuant to a status conference order in the underlying action.

18. United did not disclaim on any other grounds then those stated above.

## AS AND FOR A FIRST COUNTER CLAIM FOR DECLARATORY JUDGEMENT.

19. The defendants Cauldwell and M&P repeat and realleges each allegation contained in paragraphs "1" through "18" of this Counter Claim as though fully set forth herein.

20. The United Policy provides coverage, including a defense and indemnification for the Underlying Suit.

21. The United policy's alleged disclaimer for late notice to Cauldwell and M&P does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

22. That United was given timely notice of the occurrence by virtue of the fact that their insured, Cauldwell and M&P, notified United through M&P's insurance broker GNP Insurance Brokerage on or about June 1, 2007, approximately fifteen days after receiving notice of the lawsuit.

23. That Cauldwell and M&P did not have notice of the occurrence prior to being served with the Summons and Complaint on or around May 16, 2007.

24. That Cauldwell and M&P's insurance broker GNP Insurance Brokerage promptly notified United on or about June 1, 2007 as soon as it became aware of the incident upon receipt of the Summons and Complaint.

25. There is a present and justiciable controversy between 563-569 Cauldwell and United National.

26. There is no adequate remedy at law.

27. By reason of the foregoing, defendants Cauldwell and M&P are entitled to a declaration by this Court that United owes coverage to Cauldwell and M&P under the United policy for the Underlying Suit, including both a defense and indemnification.

## AS AND FOR A SECOND COUNTER CLAIM FOR DECLARATORCY JUDGMENT(BREACH OF CONTRACT).

28. The plaintiff repeats and realleges each allegation contained in paragraphs "1" through "27" of this Counter Claim as though fully set forth herein.

29. Pursuant to Insurance Law § 3420(d), United was required to give written notice to defendants M&P and Cauldwell as soon as reasonably possible of all disclaimers of liability or denials of coverage.

30. As United has only denied coverage to defendants on the grounds of late notice, United has waived all other potential exclusionary grounds for disclaiming liability or denying coverage under the United policy.

31. By failing to provide coverage to defendants Cauldwell and M&P for the Underlying Suit, United National is in breach of contract.

32. There is a present and justiciable controversy between defendants Cauldwell and M&P and plaintiff United.

33. There is no adequate remedy at law.

34. By reason of the foregoing, defendants M&P and CAULDWELL are entitled to a declaration by this Court that United has waived all exclusionary grounds for

disclaiming liability or denying coverage under the United policy.

### AS FOR A THIRD COUNTERCLAIM FOR ATTORNEYS FEES

35. The defendants Cauldwell and M&P repeat and reallege each allegation contained in paragraphs "1" through "34" of this Counterclaim as though fully set forth herein.

36. Pursuant to the United policy, United was required to provide coverage to defendants Cauldwell and M&P, including a defense and indemnification for the Underlying Suit.

37. United improperly disclaimed and denied coverage to defendants Cauldwell and M&P.

38. By failing to provide coverage to Cauldwell and M&P for the Underlying Suit, United has caused the defendants Cauldwell and M&P to incur substantial attorneys fees and costs in having to defend against the Underlying suit.

39. As a result, defendants Cauldwell and M&P have sustained damages in the form of attorney's fees and costs in an amount to be determined plus pre-judgment and post-judgment interest.

WHEREFORE, defendants Cauldwell and M&P demands judgment against plaintiff United as follows:

(a) Upon defendants Cauldwell and M&P's First Counter Claim against United, declaring the rights and obligations of the parties, including but not limited to a declaration by this Court that United owes coverage to Cauldwell and M&P under the United policy, including both a defense and indemnification;

(b)   Upon defendants Cauldwell and M&P's Second Counterclaim against United, declaring the rights and obligations of the parties, including but not limited to a declaration by this Court that United has waived all exclusionary grounds for disclaiming liability or denying coverage under the United policy;

(c)   Upon defendant Cauldwell and M&P's third counterclaim against United, damages in an amount to be determined plus pre-judgment and post-judgment interest, costs and attorney's fees; and

(d)   Granting defendants Cauldwell and M&P such other and further relief as the Court deems just and proper, including costs, disbursements, and attorney's fees.

Dated: New York, New York
April 11, 2008

ALLYN & FORTUNA LLP

By: _____
Nicholas Fortuna (NF 9191)
*Attorneys for the Defendants*
*563-569 CAULDWELL REALTY LLC, f/k/a*
*381 E. 160 EQUITIES LLC*
*and M&P REALTY MANAGEMENT LLC*
200 Madison Avenue, 5th Floor
New York, New York 10016
(212) 213-8844
(212) 213-3318 (facsimile)

To:
MIRANDA, SOKOLOFF, SAMBURSKY, SLONE, VERVENIOTIS, LLP
Attorneys for Plaintiff
UNITED NATIONAL SPECIALTY INSURANCE COMPANY
Michael A. Miranda (MAM 6413)
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
File No. 07-488

THE ARCE LAW OFFICES, PLLC
Attorneys for Omar Paniagua
3148 East Tremont Avenue
Bronx, New York 10461